1
2
3
4                           UNITED STATES DISTRICT COURT
5                          EASTERN DISTRICT OF WASHINGTON
6    UNITED STATES OF AMERICA,
7                          Plaintiff,                No.    2:13-CR-0008-WFN-15
8         -vs-
                                                     ORDER
9    DAVID EMILE COLBERT,
10                         Defendant.
11

12          Before the Court is the Government's Motion for Reconsideration of Court Order -
13   ECF No. 3097, ECF No. 3120.   Defendant responded, ECF No. 3194.   The Court
14   previously granted Defendant's request that the Government disclose to him all statements
15   of cooperating Defendants, including, but not limited to free talk reports, which the
16   Government previously provided to the Court to review in camera.   ECF No. 3097
17   (amending ECF No. 3096).   In the pending Motion, the Government asks the Court to
18   reconsider that ruling.
19          In support of its Motion, the Government relies largely on *United States v. Ruiz*, 536
20   U.S. 622 (2002), which held "the Constitution does not require the Government to disclose
21   material impeachment evidence prior to entering a plea agreement with a criminal
22   defendant," *id* at 633.   The Court questions whether the holding of *Ruiz* is directly
23   applicable to this case.   *Ruiz* addressed pre-guilty plea disclosures whereas, in this case,
24   Defendant's request is made post-guilty plea for purposes of preparing for sentencing.
25   Nevertheless, the Court acknowledges that the Supreme Court's reasoning in *Ruiz* might
26   offer some guidance to resolving the issue presented by the parties.   *See id.* (noting that
27   disclosure of impeachment evidence is "more closely related to the *fairness* of a trial than
28   to the *voluntariness* of the plea").

ORDER - 1

The Court need not resolve the issue solely on *Ruiz*, however, because the Court concludes that any information contained in the materials requested by defense counsel is not material to sentencing.  Other than *Brady* material, there is no constitutional right to discovery.  *Brady* requires disclosure of evidence that is both favorable to the accused and material to either guilt or to punishment.  The Court may not sentence a defendant based on confidential information not disclosed to the defense. *See*, *e.g.*, *United States v. Weintraub*, 871 F.2d 1257, 1265 (5th Cir. 1989) (vacating the defendant's sentence and remanding the case for a new sentencing hearing based on material withheld impeachment evidence).

The Court has reviewed the draft presentence report [PSR], ECF No. 2986.  The Court concludes that the draft PSR does not hold Defendant accountable for drug quantities or the conduct of coconspirators based on evidence not disclosed to defense counsel.  Rather, Defendant's conduct described in the draft PSR is derived from surveillance, intercepted communications, and evidence found upon the execution of search warrants.  Defendant received all this material in discovery.

As noted above, specificity is important in sentencing.  But the Government does not intend to call witnesses at sentencing, ECF No. 3120 at 10, and the Court is unaware of any other information concerning Defendant that will affect its sentencing decision. Unless Defendant can point to information contained in the PSR that is based on non-disclosed discovery, the free talk reports and statements of co-Defendants will not affect sentencing and are not material to Defendant's punishment.

The Court has reviewed the file and the parties' briefing and is fully informed.  Accordingly,

**IT IS ORDERED** that:

1.  The Government's Motion for Reconsideration of Court Order - ECF No. 3097, filed November 26, 2014, **ECF No. 3120**, is **GRANTED**.

2.  The Court's Order filed November 25, 2014, ECF No. 3097 (amending ECF No. 3095), is **WITHDRAWN**.

ORDER - 2

3.   Defendant's Motion for Discovery and Motion to Expedite, filed November 17, 2014, **ECF No. 3056**, is **GRANTED IN PART and DENIED IN PART**.   Defense counsel may review trial testimony of cooperating co-Defendants Sharita Horn and Gilbert Madison.   The Court previously approved funding to enable defense counsel to obtain copies of these transcripts.   The Government need not disclose to defense counsel statements of cooperating co-Defendants, including, but not limited to free talk reports.

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** United States Probation Officer Shane Moore.

**DATED** this 18th day of December, 2014.

12-18-14

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3